J-S83038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILIP MARTIN CACURAK, | : | |
| | : | |
| Appellant | : | No. 1036 WDA 2018 |

Appeal from the Judgment of Sentence Entered May 25, 2018
in the Court of Common Pleas of Indiana County
Criminal Division at No(s):  CP-32-CR-0001148-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 12, 2019**

Philip Martin Cacurak ("Cacurak") appeals from the judgment of sentence imposed following his conviction of failure to comply with registration requirements.[1]  Additionally, Cacurak's counsel, Jennifer L. Westrick, Esquire ("Attorney Westrick"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Westrick's Petition to Withdraw and affirm Cacurak's judgment of sentence.

On May 22, 2018, following a jury trial, Cacurak was convicted of failure to comply with his registration requirements pursuant to the Sexual Offenders Registration and Notification Act ("SORNA").  The trial court sentenced Cacurak to a term of 6 months to 2 years, less one day, in prison, followed by three years of probation.  Cacurak filed a post-sentence Motion challenging,

---

[1] ***See*** 18 Pa.C.S.A. § 4915.1(a)(1).

*inter alia*, the sufficiency of the evidence supporting his conviction. The trial court denied Cacurak's Motion. Cacurak, via Attorney Westrick, filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Attorney Westrick subsequently filed an ***Anders*** Brief and a Petition to Withdraw as counsel. Cacurak neither filed a *pro se* brief, nor retained alternate counsel for this appeal.

Before addressing Cacurak's issues on appeal, we must determine whether Attorney Westrick has complied with the dictates of ***Anders*** and its progeny in petitioning to withdraw from representation. ***See Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.2 (Pa. Super. 2009) (stating that "[w]hen presented with an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Pursuant to ***Anders***, when counsel believes that an appeal is frivolous and wishes to withdraw from representation, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the court.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has explained that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, our review of the **Anders** Brief and the Petition to Withdraw reveals that Attorney Westrick has substantially complied with each of the requirements of **Anders**/**Santiago**. **See Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007) (stating that counsel must substantially comply with the requirements of **Anders**). Attorney Westrick indicates that she has made a conscientious examination of the record and determined that an appeal would be frivolous. Further, Attorney Westrick's **Anders** Brief comports with the requirements set forth by the Supreme Court of Pennsylvania in **Santiago**. Finally, Attorney Westrick provided Cacurak with a copy of the **Anders** Brief; advised Cacurak of his rights to retain new counsel or to raise any additional points deemed worthy of the Court's attention; and attached a copy of the letter sent to Cacurak to the **Anders** Application for Leave to Withdraw, as required by **Commonwealth v.**

***Millisock***, 873 A.2d 748, 751 (Pa. Super. 2005).[2]  Thus, Attorney Westrick

has complied with the procedural requirements for withdrawing from

representation.   We now address the issues that, according to Attorney

Westrick, arguably support Cacurak's appeal.

Attorney Westrick states that Cacurak wishes to raise the following

issues for our review:

> 1. Was the evidence presented at trial sufficient to support the verdict against [Cacurak]?
>
> 2. Was the imposed sentence proper?

***Anders*** Brief at 5.

In his first issue, Cacurak argues that the Commonwealth failed to

present sufficient evidence to establish that he failed to comply with his

registration requirements.  ***See id.*** at 10-14.  Cacurak alleges that his extreme

mental anxiety prevented him from being able to register his new employment

with the Pennsylvania State Police.  ***Id.*** at 12-13.  Cacurak claims that he

drove to the Pennsylvania State Police Barracks in Indiana, PA, but his fear of

being arrested prevented him from entering the building and registering.  ***Id.***

We apply the following standard of review when considering a challenge

to the sufficiency of the evidence:

> [W]hether[,] viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

_____

[2] While the Supreme Court in ***Santiago*** set forth the above-mentioned requirements for an ***Anders*** brief, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent.

crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, or part or none of the evidence.

*Commonwealth v. Melvin*, 103 A.3d 1, 39-40 (Pa. Super. 2014) (citation omitted).

Cacurak's conviction under 18 Pa.C.S.A. § 4915.1(a)(1) required the Commonwealth to prove that Cacurak (1) was subject to the registration requirements of SORNA, (2) had a "change in the location or entity in which [he was] employed," and (3) knowingly failed to appear in person at an approved registration site to notify the Pennsylvania State Police of that change, (4) within three days of the change. *See* 18 Pa.C.S.A. §§ 9799.13, 4915.1(a)(1), 9799.15(g)(3).

Here, Cacurak stipulated that he was subject to registration under SORNA at the time of the current offense. *See* N.T., 5/21/18, at 14. Additionally, Cacurak testified that he was aware that he had to register his new employment. *See id.* at 45-46, 47. Further, Cacurak acknowledged that he signed a Notice advising him of his registration requirements, that he was

- 5 -

aware of the three-day registration requirement for new employment, and that he refused to register because he believed it was against his constitutional rights. *Id.* at 51, 54, 55.

Moreover, Cacurak's parole officer, James D. Decker ("Decker"), testified that on June 5, 2017, Cacurak informed Decker that he had started a new job. *Id.* at 26-27. Decker stated that despite advising Cacurak of his SORNA registration requirements on several occasions, as of June 26, 2017, Cacurak had not registered his new employment. *Id.* at 26-28.

Thus, the evidence was sufficient to prove that Cacurak was subject to registration under SORNA, and that he knowingly failed to register his new employment within three days of his new employment. Accordingly, Cacurak's first issue is wholly frivolous.

In his second issue, Cacurak challenges the discretionary aspects of his sentence. "A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right." *Commonwealth v. Grays*, 167 A.3d 793, 815 (Pa. Super. 2017). Prior to reaching the merits of a discretionary sentencing issue,

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Grays*, 167 A.3d at 815-16 (citation omitted).

Here, Cacurak filed a timely Notice of Appeal and preserved his claim in his post-sentence Motion. Although we note the absence of the requisite Pa.R.A.P. 2119(f) statement in the **Anders** Brief, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [Cacurak's] issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Accordingly, we will conduct an independent review of the record to determine whether Cacurak's sentencing claim is frivolous.

> When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. It must be demonstrated that the court considered the statutory factors enunciated for determination of sentencing alternatives, and the sentencing guidelines. Additionally, the court must impose a sentence which is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and the community, and the rehabilitative needs of the defendant.

**Commonwealth v. McClendon**, 589 A.2d 706, 712 (Pa. Super. 1991) (internal citations and quotation marks omitted). "[W]here a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Initially, the trial court had the benefit of a pre-sentence investigation report ("PSI"), which the court expressly stated it had considered prior to imposing sentence. N.T., 5/25/18, at 3. "[W]here the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) (quotation marks and citations omitted).

Moreover, the trial court considered the sentencing guidelines, Cacurak's probation history, including two revocations, Cacurak's rehabilitative needs, and the protection of the community. **See** N.T., 5/25/18, at 3; Trial Court Opinion, 9/17/18, at 8-9. Thus, the trial court properly considered all of the statutory factors before sentencing Cacurak. **See McClendon**, **supra**. Moreover, the sentence was within the standard range of the guidelines. **See Moury**, **supra**. Accordingly, we conclude that the trial court's sentence was not improperly excessive, and Cacurak's discretionary sentencing challenge is wholly frivolous.

Finally, our independent review of the record discloses no additional non-frivolous issues that could be raised on appeal. We therefore grant Attorney Westrick's Petition, and affirm Cacurak's judgment of sentence.

Petition to Withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2019